IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| PRESIDENTIAL CANDIDATE NUMBER P60005535, "also known as" (aka) RONALD SATISH EMRIT, and PRESIDENTIAL COMMITTEE/POLITICAL ACTION COMMITTEE/SEPARATE SEGREGATED FUND (SSF) NUMBER C00569897 d/b/a UNITED EMRITS OF AMERICA,<br><br>    Plaintiffs,[1]<br><br>    v.<br><br>GOVERNOR WES MOORE; AISHA BRAVEBOY; CONGRESSMAN JAMIE RASKIN; SENATOR ANGELA ALSOBROOKS; SENATOR CHRIS VAN HOLLEN; and MARYLAND ATTORNEY GENERAL ANTHONY BROWN,<br><br>    Defendants. | CV 125-157 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case.  Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants.  See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

---

[1] The Court **DIRECTS** the **CLERK** to update the docket in accordance with the caption to reflect two named Plaintiffs, which is consistent with the complaint.  (Doc. no. 1, p. 1.)

I.  **Screening the Complaint**

   A.  **Background**

Plaintiff's complaint recounts his extensive unsuccessful attempts to obtain a Section 8 Housing voucher in numerous states. (Doc. no. 1, pp. 6-7.) The complaint also contains rambling and non-sensical descriptions of purported connections between celebrities and individuals Plaintiff has met at various points in his life and his inability to acquire a job as a professor of entertainment law at several universities. (Id. at 2-9.)

Plaintiff seeks $250,000 in damages against Defendants for "negligence, intentional infliction of emotional distress, tortious interference with business relations/contracts, tortious interference with family relations, Civil Rights violations, and violations of constitutional law," but provides no detail as to why the named Defendants should be liable for such claims. (Id. at 1-2, 9-10; see generally id.) He also seeks injunctive relief regarding Section 8 housing vouchers, EBT/SNAP benefits, and to assist him in becoming employed "as a disabled professor of entertainment law at University of Maryland or University of Virginia or any of the colleges and universities in the state of Maryland." (Id. at 10.)

Plaintiff states he is a resident of Florida and Maryland. (Id. at 4, 5.) He describes no actions or activities occurring in Georgia, let alone within the Southern District of Georgia. (See generally id.)

   B.  **Discussion**

      1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure

2

to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

3

### 2. Plaintiff's Frivolous and Malicious Complaint Should Be Dismissed

Plaintiff has a well-documented history of meritless and vexatious litigation, and as have numerous other courts, this Court "takes judicial notice of the fact that Plaintiff has filed hundreds of cases and appeals in the federal courts alone." Emrit v. Trump, Case No. 1:19-cv-18, 2019 WL 140107, at *2 (S.D. Ohio Jan. 9, 2019) (describing public records search revealing 333 cases and appeals filed across United States federal courts as of January 8, 2019), *adopted by* 2019 WL 935028 (S.D. Ohio Feb. 26, 2019). By January of 2024, another court identified Plaintiff as a "'serial *pro se* filer' who has been a party in more than 700 federal cases and the plaintiff in more than 400 federal cases." Emrit v. Progressive Ins. Co., Case No. 3:24-cv-13, 2024 WL 436385, at *2 (N.D. Fla. Jan. 11, 2024), *adopted by*, 2024 WL 420143 (N.D. Fla. Feb. 5, 2024), *appeal dismissed*, No. 24-10413-G, 2024 WL 3664060 (11th Cir. Mar. 4, 2024). Plaintiff has filed cases

> nationwide, from Maine to Hawaii; despite the fact that most or all of these complaints have been dismissed for improper venue or failure to state a claim, Plaintiff continues to abuse the *in forma pauperis* ("IFP") privilege by recycling the same patently frivolous allegations against various government agencies and officials in inscrutable pleadings that demonstratively clog the federal district courts with meritless litigation.

Emrit v. Bd. of Immigr. Appeals, Case No. 2:22-CV-00110, 2022 WL 4287659, at *1 & n.1 (S.D. W. Va. Mar. 31, 2022) (cataloguing Plaintiff's cases from across nation dismissed as meritless and frivolous), *adopted by* 2022 WL 3594518 (S.D. W. Va. Aug. 23, 2022).

This case is no different. Plaintiff's factual and legal claims – to the extent they can even be deciphered – "lack[] an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325, 327. When a claim is based on an indisputably meritless legal theory or relies on factual allegations that are clearly baseless, which includes allegations that are fanciful, fantastic, and delusional, that claim is properly identified as frivolous. Gary v. United States Gov't, 540 F.

4

App'x 916, 917 (11th Cir. 2013) (*per curiam*) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). The fanciful allegations in Plaintiff's complaint rise to the level of irrational and wholly incredible, id., and the frivolous complaint fails to state a claim for relief that is plausible on its face. See Iqbal, 556 U.S. at 678; Denton, 504 U.S. at 32-33.  It should be dismissed.

Even if the case were not subject to dismissal based on the frivolous allegations in Plaintiff's complaint, venue is not proper in the Southern District of Georgia.  Under 28 U.S.C. § 1391(b), venue for a civil action is proper in:

> (1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, the Southern District of Georgia is not the proper district under the terms of the venue statute.  None of the defendants are located in Georgia, let alone the Southern District, and nothing in the complaint gives any indication a substantial part of the events or omissions giving rise to the fanciful claims occurred in this District, particularly when Plaintiff identifies himself as a resident of Florida and Maryland and lists a home address in Sarasota, Florida, (doc. no. 1, pp. 4, 5, 11).

Moreover, Plaintiff filed other still-pending cases using an identical complaint in the District of Maryland and in the Middle and Eastern Districts of North Carolina.  Emrit v. Moore, Case No. 825-CV-2185, doc. no. 1 (D. Md. July 7, 2025); Emrit v. Moore, Case No. 125-CV-572, doc. no. 1 (M.D.N.C. July 8, 2025); Emrit v. Moore, Case No. 525-CV-401

(E.D.N.C. July 7, 2025). A duplicative complaint is an abuse of the judicial process and properly dismissed as malicious. See Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021). For the sake of completeness, the Court also notes Plaintiff purportedly brings this case on behalf of himself and a corporate entity. A corporate entity may not proceed *pro se* in federal court. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

### 3. Proposed Filing Restrictions

In Plaintiff's case dismissed in this Court on July 14, 2025, the Court warned Plaintiff that if he continued his abusive filings in the Southern District, the Court would not hesitate to enact filing restrictions in the Southern District. See Emrit v. Int'l Ct. of Just. in Hague, CV 125-126, doc. no. 9, pp. 6-7 (S.D. Ga. June 18, 2025). That time has come. The Court should no longer tolerate Plaintiff's frivolous and vexatious filings, as they impair the Court's ability to adjudicate the legitimate claims of other litigants. Accordingly, should the presiding District Judge agree, the Court recommends imposition of the following restrictions upon all of Plaintiff's *pro se* filings the Clerk of Court receives from Plaintiff after entry of a final order on this Report and Recommendation.

    a. As to any of Plaintiff's future filings,[2] the Clerk **SHALL** open a single miscellaneous file for tracking purposes, and, upon receipt of any filing from Plaintiff, forward the filing to the presiding judge, who will determine whether the filing has any arguable merit. Only if the filing alleges a plausible claim for relief will the Court allow it to be filed. Any filings that fail to do so will be **DISMISSED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the filing

---

[2] The Court defines "filings" to include motions, papers, letters, complaints, or any other documents Plaintiff seeks to file with the Court.

6

unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider all of Plaintiff's future filings, it will not necessarily enter an order addressing each one. If no order is forthcoming, then **THIRTY (30) DAYS** after the filing's receipt, the Clerk **SHALL**, without awaiting any further direction, notify Plaintiff his case has been dismissed without prejudice.

b.  The Clerk **SHALL NOT** docket any further filings in this case. The Clerk also **SHALL NOT DOCKET** any further filings in a case dismissed pursuant to the directive above except for a notice of appeal. The originals of all such filings shall be returned to Plaintiff. If Plaintiff files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Eleventh Circuit. Plaintiff **SHALL** remain responsible for appellate fling fees, or he may move the Court to grant IFP status on appeal.

c.  To ensure Plaintiff's future filings are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Plaintiff are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

d.  These filing restrictions do not apply to any criminal or civil case in which Plaintiff is named as a defendant or to any proper application for a writ of habeas corpus.

   e. A copy of this Order **SHALL** be forwarded to each judicial officer in this District.

## II. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED**, the filing restrictions set forth herein be imposed on Plaintiff's future filings in this District, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of July, 2025, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA