IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| PRESIDENTIAL CANDIDATE NUMBER ) <br> P60005535, "also known as" (aka) RONALD ) <br> SATISH EMRIT, and PRESIDENTIAL ) <br> COMMITTEE/POLITICAL ACTION ) <br> COMMITTEE/SEPARATE SEGREGATED ) <br> FUND (SSF) NUMBER C00569897 d/b/a ) <br> UNITED EMRITS OF AMERICA, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v.  ) <br>   ) <br> GOVERNOR WES MOORE; AISHA ) <br> BRAVEBOY; CONGRESSMAN ) <br> JAMIE RASKIN; SENATOR ANGELA ) <br> ALSOBROOKS; SENATOR CHRIS VAN ) <br> HOLLEN; and MARYLAND ATTORNEY ) <br> GENERAL ANTHONY BROWN, ) <br>   ) <br> Defendants. ) | CV 125-157 |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DISMISSES** Plaintiff's complaint. The Court also **IMPOSES** the following filing restrictions upon all of the future *pro se* filings in the Southern District of Georgia that the Clerk of Court receives from Plaintiff after entry of this Order.

1. As to any of Plaintiff's future filings,[1] the Clerk **SHALL** open a single miscellaneous file for tracking purposes, and, upon receipt of any filing from Plaintiff, forward the filing to the presiding judge, who will determine whether the filing has any arguable merit. Only if the filing alleges a plausible claim for relief will the Court allow it to be filed. Any filings that fail to do so will be **DISMISSED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the filing unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider all of Plaintiff's future filings, it will not necessarily enter an order addressing each one. If no order is forthcoming, then **THIRTY (30) DAYS** after the filing's receipt, the Clerk **SHALL**, without awaiting any further direction, notify Plaintiff his case has been dismissed without prejudice.

2. The Clerk **SHALL NOT** docket any further filings in this case. The Clerk also **SHALL NOT DOCKET** any further filings in a case dismissed pursuant to the directive above except for a notice of appeal. The originals of all such filings shall be returned to Plaintiff. If Plaintiff files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Eleventh Circuit. Plaintiff **SHALL** remain responsible for appellate filing fees, or he may move the Court to grant IFP status on appeal.

---

[1] The Court defines "filings" to include motions, papers, letters, complaints, or any other documents Plaintiff seeks to file with the Court.

3. To ensure Plaintiff's future filings are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Plaintiff are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

4. These filing restrictions do not apply to any criminal or civil case in which Plaintiff is named as a defendant or to any proper application for a writ of habeas corpus.

5. A copy of this Order **SHALL** be forwarded to each judicial officer in this District.

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 13th day of August, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA